Now I'll move on to the next one. I hope I'm pronouncing this correct. Schirmer. I have that right, Counsel? Schirmer v. Ross. You may approach. Hello, Your Honor. My name is Ray Markovich. I'm here for the moving defendants, the appellants in the case. I'd like 10 minutes for this portion and five for rebuttal. You got it. Thank you. May it please the Court. Pursuant to California Commercial Code Section 3402 and Haskell v. Cornish, appellants have contractual standing. Pursuant to Skill Staff, Inc., the covenant not to sue in the agreement means that there is no case or controversy. Because no case or controversy, Schirmer has no Article III standing. So, Counsel, I have trouble understanding that argument. So, for one thing, the plaintiffs in their complaint seek temporary, preliminary, and permanent injunctive relief for future violations. Why isn't that a claim that, if this doesn't have to be arbitrated, that they would have the ability to advance in the district court? But they're also claiming for damages, Your Honor. And the period that they're claiming for damages is all released by the covenant. Okay. But in order, I mean, I have issues with that argument as well. But even putting that aside, they're seeking injunctive relief. Why wouldn't that give the court jurisdiction, even if their claim for injunctive relief were meritless? I mean, you don't have to have a winning claim for the court to have jurisdiction. And they've asked for injunctive relief for violating the copyright laws to stop, allegedly, the defendants from violating the copyright laws tomorrow. Why wouldn't that be easily enough to confer jurisdiction on the district court? Well, Your Honor, I think we have to go back to the standing issue first. Because if we establish that my client does have standing to enforce the settlement agreement, then it forces everything into arbitration in any event, or there's no subject matter jurisdiction. I mean, if you're right on arbitration, then hypothetically, we're going to reverse and send it to arbitration. But that wouldn't mean the district court somehow ab initio lack jurisdiction, which would mean that we lack jurisdiction. When they, Your Honor, need jurisdiction for each of the claims, and most of the claims that we're talking about here, they would not have jurisdiction. I mean, I think we're kind of talking about two different things. There's jurisdiction in the sense of whether something's going to be arbitrated or it's going to be in a federal court. Then there's Article III jurisdiction. And I think clearly, they've alleged an injury, an Article III injury here. The question is, is that, is the decision on that going to be an arbitration, or is it going to be in an Article III court? So I think when we're talking about jurisdiction, there's Article III jurisdiction. Then there's what jurisdiction the case should be decided in. Two different things. Are you saying there's no Article III jurisdiction, or are you saying that it should be an arbitration, therefore, the district court should not be deciding these things? Well, I think that the key issue is the standing issue, because if we have standing, then the covenant not to sue prevents any action in the district court. Okay. So standing also is another phrase that means different things at different times. So there's Article III standing. Are you referring to Article III standing? Are you referring to the concept of if it should be arbitrated, it should be arbitrated, and if not, it should be in federal court? Are you saying no Article III standing? If you're saying there's no Article III standing, then if you're right about that, then we're done. But I've never heard of a contract case where that would be the situation. There's two standings at issue here, Your Honor. Okay. First is contractual standing. Okay. So let's put that aside. Are you saying there's Article III standing issue? The power of the federal court to decide this case? I believe on everything except the injunctive relief claims, there is no standing. No Article III? No Article III, I believe, because of the covenant not to sue. Okay. So again, we're kind of in a hamster wheel here. I think that, again, Article III standing means that they are not alleging an injury, a constitutional injury. I think they are alleging a constitutional injury. Now, whether it's a meritorious constitutional injury, that's a different story. So are you saying that they're not alleging a constitutional injury, or are you just saying that under the merits of the case, you prevail? I'm saying that under skill staff, because of the covenant not to sue, it bars. It's a bar to litigation, which means there is no case for controversy. Okay. Well, why don't you proceed with your argument? Okay. So, and because no Article III standing, the U.S. D.C. has no subject matter jurisdiction. Therefore, an action must be dismissed with prejudice, because federal courts have exclusive jurisdiction for copyright infringement claims, but the U.S. D.C. has no subject matter jurisdiction in this action. That's a subject matter jurisdiction argument. The other argument in this appeal is that the U.S. D.C. had too narrow of a reading of the agreement. The U.S. D.C. focused only on one clause, not the whole agreement, and there's a clause in the agreement that specifically says that the headings are irrelevant for the agreement. You need to read the whole agreement. If you read the whole agreement, it does cover this action. And the court had no questions on the standing, the contractual standing issue? Yeah. Why don't you continue? I'm sorry? Please continue. Whatever else you want to argue. We'll give you the five minutes of rebuttal, but you can continue. Sure. Okay. So, the district court did not decide the standing issue. They avoided the standing issue. It's in the E.R. at 05, note 5. The clients decide whether they have standing. Now, why does my client have standing? Because, page 1, this is E.R. 148, each of the parties that sign this agreement is referred to here individually as a party, and the parties are referred to collectively as the parties. Each of the parties that sign this agreement, if you go to E.R. 156, who signed the agreement? Lighthouse Immersive, Inc., and Lighthouse, Inc., for itself, and each of the lighthouse releasors. My client signed this as the president. He is a lighthouse releasor, and under 3402 of the GAL Commercial Code, he's the party. So, he has the ability to enforce this agreement. He can enforce the covenant not to sue. Let me ask you this. As I read the district court's order, the district court focused on paragraph 6.2 of the agreement and said that the plaintiff's action in this case, that the copyright lawsuit that they filed after this agreement was signed, was not attempting to enforce this agreement, and the district court seemed to be saying that, you know, if it had language like relating to, arising out of, kind of the broader language we see in arbitration agreements, that would be one thing. But in this case, it has a different language. Any action to enforce, they're not trying to enforce the arbitration agreement. The district court says, in fact, there's no mention of the arbitration agreement in the complaint filed by the plaintiffs. So, therefore, this agreement's not relevant to this lawsuit. Why is that wrong? Because there's a clause in the arbitration agreement that says the headings are not relevant. But that's not a heading that says any action to enforce this agreement. She's not referring to the headings. She's referring to the language in the agreement. Right, and there's several other clauses in the agreement that also address arbitration. So show me the line that you think she missed. What paragraph in the agreement did she miss? 2.4. Okay. It's at page ER 150. The parties represent and agree that they have not filed and that they shall not file or pursue any charges, suits, complaints, grievances, claims, arbitrations, or other actions against any of Lighthouse or Shermer releasees which assert or rise out of or are in any way related to the claims released under this agreement, provided, however, that this paragraph shall not apply to any action or claim to enforce the terms of this agreement. That is incredibly broad. And when you take out the narrow reading that the district court judge had where she focused on one paragraph in this agreement and you look at this paragraph which also deals with the arbitration, it covers almost everything. So I understand part of your argument is they've covenanted not to sue except to sue to enforce the agreement. And that since they've sued here and they've covenanted not to sue, in your view, at least it's arguable that this is covered by the arbitration agreement because this must be, by definition, to enforce the agreement because they promised not to sue for anything else? Correct, Your Honor. Yes. And then that also raises the Article III issues which I parlayed into. So, counsel, as far as I can tell, and I'm going to ask your friend this question, you did not put in the record below the rules of the arbitration organization signature resolution LLC. Is that right? Did not. You did not put in the record the rules of the putative, the organization that the parties agreed to arbitrate in front of. Is that right? I believe so. Yeah, I believe you're correct. Yeah. All right. You want to reserve? Yes, please. All right. Thank you. Good morning, Your Honors, and may it please the Court. My name is Stephen Rothschild. I think the Court's ruling below is straightforward, simple, and right. This case is not to enforce the settlement agreement. It's for copyright infringement. Counsel, that argument, did you ever actually make that in writing to the District Court? I did not. My analysis was incorrect. I did consider that argument, and I did not include it, but I believe, having read the Court's opinion and researched the authorities that Her Honor cited, that it is correct. In fact, you argued, if I'm looking at your opposition to the motion to compel arbitration starting on page ER 142, your specific argument was the Court should deny arbitration because non-arbitrable claims predominate in this case, which looks to me as a concession that there are arbitrable claims, at least from the writing. I did not intend that to be communicated. I intended that, and perhaps it wasn't clear. I was under the misimpression that California law applied. Under California law, if there are non-arbitrable claims and arbitrable claims, the Court has discretion on what to do, and I thought that would short-circuit it, but I was incorrect. And now you're conceding the FAA applies, right? Correct. Okay. So under our case law, if the FAA applies, there's a presumption of arbitrability, yes? Correct. And if there are any doubtful claims as to whether it's arbitral or not, that should go to the arbitrator, right? Correct. Now, your friend has conceded that he didn't introduce the arbitration rules, but the arbitration rules are a public document. Are you familiar with them, the arbitration rules of signature resolution? I am. And I'm looking at Rule 3. The appointed arbitrator shall have the sole authority to determine the arbitrability of any dispute submitted to signature and disputes of any kind, including but not limited to who are the parties, the validity, revocability, et cetera, et cetera, et cetera. That strikes me as almost identical to AAA and other arbitration provisions where we've said where the parties have unmistakably delegated questions of arbitrability to the arbitrator, except in the clearest possible case, the Court should not pass on that question. Instead, it should leave it to the arbitrator. Why wouldn't that apply here? Well, because I think this is the clearest possible case upon reflection. The arbitration agreement is limited to actions to enforce the agreement. It does not include actions related to the agreement. It does not include actions concerning the agreement. It is only actions to enforce the agreement. What the defendants are attempting here is to use the agreement as a defense. That's not an action arising, or rather an action to enforce the agreement. It's a defense. The defense is that these should be arbitrated and that this covenant not to sue should be deemed to apply. That's not this case. Rather, that's not that provision. That provision is limited to actions to enforce the agreement. My client has not sued to enforce the agreement. My client hasn't even sued parties to the agreement. In addition, to get to that rule, whether it's signature or AAA or JAMS or whomever, you have to be a beneficiary or a party to an arbitration agreement. I think it's pretty clear the preamble to the contract says the parties are Lighthouse and G. Shermer. I'm looking at paragraph 25 of your complaint, ER 176. On information and belief, at all times material herein, each of the defendants was the agent and employee of the other defendants, and in doing the things herein after alleged, was acting within the course and scope of such agency and employment. Taking that allegation, which you've made even on information and belief as true, that would seem to me that all of the defendants in this case would be what is defined in the settlement agreement as the Lighthouse releaseors and releasees. Am I wrong? No, you're not wrong, but that's different. So if I'm not wrong on that, when I'm looking at ER 156, the signature page, it says Lighthouse, the signature, Lighthouse Immersive USA, Inc. and Lighthouse, Inc. for itself and each of the Lighthouse releaseors. So it says on the signature page that the signature by Mr. Ross is on behalf of each of the Lighthouse releaseors. You've alleged that, as you just conceded, that every defendant is a Lighthouse releaseor, so how can it be that they don't have the right to enforce the arbitration agreement? Because the arbitration agreement is limited to the parties as defined in the agreement. The preamble to the agreement defines the parties as Lighthouse and Shermer. With all due respect, that interpretation, I think, would eviscerate the no third-party beneficiaries paragraph, and it would eviscerate the arbitration agreement itself, which is limited to enforcement of the agreement. But, I mean, even if the way I'm looking at this is wrong, and the way you say, it certainly seems to me that if he's signing on behalf of all the Lighthouse releaseors, there is at least a credible argument that the Lighthouse releaseors and each of them get to enforce the agreement. And if that's the case, why wouldn't the question of the meaning of this agreement be something for the arbitrator to decide? So explain to me why my reading of this, that he's signing on behalf of the Lighthouse releaseors, makes them a party, makes them somebody who can enforce this, is so off the walls that that question shouldn't be sent to the arbitrator. Because the parties to the agreement, the actual parties to the agreement, are Lighthouse and Shermer. That language relates to, well, it's relevant because of the releases, which, by the way, never went into effect because there was no payment by their express terms. But the arbitration agreement is a separate part of the agreement from the releases. And the arbitration agreement does not mention all the releasees, the releaseors. It doesn't use those definitions. It's only intended to, and I think on its face, apply to the parties to the agreement. Well, actually, I'm not sure that argument helps you if we're looking just at the arbitration agreement, because the first sentence of the arbitration agreement is, any action to enforce this agreement shall be brought exclusively by arbitration through signature resolution. It doesn't say any action by only the two people who are defined, the two entities that are defined in the preamble as the parties. It doesn't. But to take advantage of a term that's intended to benefit a third-party beneficiary or somebody that's not a party to the agreement, whether they're a third-party beneficiary or not, there has to be language in the agreement that says that, that confers that right or that standard. Although, again, and I'll stop on this, but, I mean, it just strikes me that there is at least an argument that they are not a third-party beneficiary when, on the signature line, it says that this is signed on their behalf. But if you feel you've addressed that, you can move on. Well, I guess the only thing I'd add is that it's on their behalf as released parties, of course, subject to the release language, which requires payment, which never happened, in order for the releases to go into effect. But it only identifies them as the released parties. It doesn't identify them as parties to the entire agreement, including the arbitration agreement. And again, the preamble is clear that the parties are Schirmer and Lighthouse. So if I could just back up a little bit, because I'm just trying to understand what the endgame is in this case. So there was a settlement in this case, and we can talk about who settled and the parties in it. I will confess it's very confusing because of all the bankruptcy or whatever, the restructuring in Canada and all the stuff that's going on in this case. All right. But let's say we agreed with the district court and we say this is not covered by this arbitration clause. It goes back to the district court. Then you would pursue this copyright case. Which we've been trying to do for several years. Right. Isn't one of the defenses to the copyright case, well, we've settled this in the agreement. Don't we come back, one way or the other, don't we come back to this agreement at some point? The defense is we've settled it, but the release is conditioned on payment of the settlement funds and not one penny was paid. Right. Now, as to that issue, that's a factual issue, correct? Has the district court made a finding on that? Not yet. So like I said, it seems to me that even if we agree with you in this case, this settlement agreement is still very relevant to this litigation. Do you agree with that? A hundred percent. We just want to do it once, not twice. No, I appreciate it. I'm just trying to understand, you know, where's the engine and where's the caboose on this train? The arbitration is the caboose. We want to get to work on this case. And at every turn we've been, there's been delay and issues. Okay. Not that I want to delay it more, but I am curious. Our court has a mediation program. Have you engaged in the mediation program in this court? I have asked and asked and asked. The history of this case is one of a defendant who's trying to not deal with it and pulling out every stop. This is one of them, to arbitrate a claim that's going to lose because there was nothing paid. Um, we want to get to work. We've been stifled at every turn to try to do that, but we're, and we've asked both with the district court, we've asked with this court, we've asked privately. And, um. So would you, would you, I'm going to ask him the same question. He's got rebuttal time. Would you object if we ordered the parties into mediation before our court? Not at all. Even though we understand that may delay things more, you'd be okay with that? I, well, if counsel represented that Mr. Ross would participate in a mediation in good faith and actually try to settle the case rather than use it as an excuse for more delay, yes. I don't have much confidence that even if counsel were to make that representation, it would be true. But of course. Just put aside your feelings about them. In terms of you, in terms of you, you're willing to go into mediation for this case? Uh, uh, I would recommend to my client that they do so knowing that there is a risk that there would be more of the same. Understood, understood. I just want to take it, take it, because it seems to me that we're kind of in a hamster wheel in this case. And, and again, I'm not, I'm not saying why, but I could just see this case going on for a really, really, really long time. And at the end of the day, it's about money. And it seems to me that this should be able to be worked out. Your Honor, you're preaching to the choir. Okay. All right. Fair enough. Thank you. That's all I have. Unless anybody has any questions. Thank you, counsel. Thank you. So let's start with the question I had for him. Uh, concerning mediation. Yes. Uh, okay. First of all, I didn't, I wasn't handling the district court case. I'm only on the appeals. Right, okay. Fair enough. Our Ninth Circuit has a mediation office. Very good mediators. This seems to me, if I had to think of a case that would be like the textbook example of a mediation case, it's this case. Would your client be willing, if we issue an order, would there be an objection to ordering you, both parties, into mediation? Uh, I mean, I certainly take it to my client. I personally wouldn't have an objection to it. But, um, Your Honor, I think something that, um, uh, Shermer's counsel is leaving out of this is they've known for a long time that the Italian defendants had given a licensing agreement to my client. So when he says that he's chasing Mr. Ross and Mr. Ross is playing all these games, I've known for, I don't know, two or three years that there was a licensing agreement, uh, for the QH issue. But, but, I mean, not, not to, well, but wouldn't that in itself, that you believe that you have something valid as to why the claims on their merits, wherever they're going to be heard, has some problems, isn't that exactly the kind of thing that your client might be able to benefit from having skilled, excellent mediators look at? And I certainly echo what, uh, Judge Owen said, the Ninth Circuit mediation group is really good. Yeah, I, yes, I didn't think of it from that perspective, but yes, certainly. Because we, we believe that at the end of the day, no matter what happens, and we think we should be dismissed for the reasons that I've argued concerning the, uh, standing under the agreement and the covenant not to sue. Even if we were not to prevail on that, he still has to deal with the fact that there's a licensing agreement, and he really needs to go after the Italians who signed the licensing agreement, who arguably might not have an ability to use the settlement agreement, as my clients do. Also, I wanted to raise one point, um, in response to, um, counsel for Sherman. He had said that, um, the release language, um, is inapplicable because, uh, the payments weren't made. Um, I don't believe that to be true, number one. Number two, he's ignoring section 2.4, which has no, uh, conditional language in it. It is, um, 2.4, the parties represent and agree that they have not filed. I had read this to the court earlier. There's no conditional language in 2.4. Well, there may not be conditional language in 2.4, but there's certainly conditional language, um, in 2.1, which says none of the release is going to affect unless they're paid, right? Even if so, your honor, 2.4 is still enforceable, and if he can't bring an action, what does it matter, 2.1 or 2.2? Governor, not to sue is a complete bar for litigation. That's all I have. All right. Anything else? All right. Thank you very much, counsel, to both of you for your briefing and argument in this case. This matter is submitted.
judges: OWENS, BENNETT, THOMAS